WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Lynnette Rodriguez,<br><br>  Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>  Defendant. | No. CV-18-08146-PCT-ESW<br><br>**ORDER** |

Pending before the Court is Teresa Lynnette Rodriguez' ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 12).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 15, 17, 20), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

is reversed and the case is remanded to the Commissioner of Social Security for further proceedings.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and

---

[2] *Parra*, 481 F.3d at 746.

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1971, has experience working as a chiropractor assistant. (A.R. 44, 71). This action concerns Plaintiff's September 10, 2014 application for disability insurance benefits. (A.R. 241-47). Plaintiff's application alleged that on December 1, 2013, she became unable to work due to psoriatic arthritis, depression, anxiety, migraines, back pain, leg pain, joint pain, skin pain, and diabetes. (A.R. 90). Social Security denied the application. (A.R. 133-36). In July 2015, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 142-44). Plaintiff sought further review by an ALJ, who conducted a hearing on April 11, 2017. (A.R. 39-77).

In a July 3, 2017 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 15-28). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On July 2, 2018, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 1, 2013, the alleged disability onset date. (A.R. 17). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) psoriatic arthritis; (ii) mild bilateral carpal tunnel syndrome; (iii) cervical degenerative disc disease and spondylosis. (A.R. 17). This determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 20). Neither party challenges the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that Plaintiff must avoid certain environmental conditions, can never crawl, and can never climb ladders, ropes, or scaffolds. (A.R. 21). Based on the assessed RFC and testimony of the Vocational Expert ("VE") at the administrative hearing, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a chiropractor assistant. (A.R. 26). Plaintiff

disputes this determination, asserting that the ALJ improperly weighed the opinions of her treating physician and improperly discounted her testimony regarding her symptoms.

### 5. Step Five: Capacity to Perform Other Work

At the administrative hearing, the VE testified that based on Plaintiff's RFC, Plaintiff would be able to perform the requirements of representative occupations such as marker, routing clerk, and router. (A.R. 72-73). The ALJ found that the VE's testimony was consistent with the information in the Dictionary of Occupational Titles and that the jobs identified by the VE existed in significant numbers in the national economy. (A.R. 27). After considering the VE's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ made the alternative finding at Step Five that Plaintiff can make a successful adjustment to other work and is therefore not disabled. (*Id.*). Plaintiff disputes this finding.

### C. The ALJ Failed to Provide Valid Reasons for Discounting the Opinions of Treating Physician Jonathan Bellew, D.O.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson*, 359 F.3d at 1195; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

On May 2, 2016, Plaintiff's treating physician, Jonathan Bellew, D.O. completed a "Medical Assessment of Claimant's Ability to Perform Work Related Activities- Skin Disorders Listing 8.00" (the "Medical Assessment"). (A.R. 1084-85). The Medical Assessment states that Plaintiff has been diagnosed with psoriasis, eczema, lichen simplex chronicus, and prurigo nodularis. (A.R. 1084). Dr. Bellew stated that Plaintiff's "skin lesions have very seriously limited [her] mobility and ability to function since [ ] 2015." (A.R. 1085). Dr. Bellew opined that in an eight-hour workday, Plaintiff can only sit for one hour and stand/walk for six hours. (A.R. 1084). Dr. Bellew also opined that Plaintiff's suffers from pain that would cause her to be off task ten percent of a work day. (A.R. 1085). Dr. Bellew's opinions may not be discounted without specific and legitimate reasons supported by substantial evidence in the record.[3]

The ALJ gave Dr. Bellew's Medical Assessment little weight. (A.R. 25). The ALJ first stated that "Although Dr. Bellew treated the claimant since 2012, there was a break in treatment between January 2013 and August 2015 (Exhibit 23F, pp. 1-10)." (*Id.*). As noted above, Dr. Bellew opined that Plaintiff's skin conditions caused severe limitations beginning in 2015. The Court does not find that Plaintiff's break in treatment with Dr. Bellew from 2013 through 2015 is a valid reason for discounting the opinions expressed in the Medical Assessment.

As a second reason for discounting Dr. Bellew's opinions, the ALJ stated that "Moreover, his opinion was inconsistent with treatment records that showed improvement with treatment (Exhibit 23F, p. 10)." (*Id.*). However, Exhibit 23F, p. 10 refers to a progress note that is dated December 11, 2012. (A.R. 1079). This predates Plaintiff's alleged onset disability date of December 1, 2013. (A.R. 17). Further, the December 11, 2012 progress note states that while Plaintiff reported "great improvement on the knees and elbows," Plaintiff "has no improvement with the posterior thighs."

---

[3] The specific and legitimate standard, not the clear and convincing standard, applies because Dr. Bellew's opinions are contradicted by other acceptable medical sources.

(A.R. 1079). Moreover, to reiterate, Dr. Bellew's Medical Assessment opined that Plaintiff's skin conditions caused severe limitations beginning in 2015. (A.R. 1085).

Next, the ALJ stated that Dr. Bellew's "opinion was inconsistent with other treating examinations that revealed findings such as good range of motion." (A.R. 25). This is not a specific and legitimate reason for discounting Dr. Bellew's opinion that Plaintiff's impairments cause pain that would result in her being off task ten percent of the work day.

Based on the foregoing, the Court finds that the ALJ improperly discounted Dr. Bellew's opinions. This error is harmful and alone requires remand.

### D. The ALJ Failed to Provide Specific, Clear, and Convincing Reasons for Rejecting Plaintiff's Testimony Regarding her Symptoms

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or

inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (A.R. 22). As discussed below, the ALJ committed harmful error in discounting Plaintiff's symptom testimony.

The ALJ gave several reasons for finding Plaintiff's testimony not credible. The ALJ first explained that Plaintiff's "activities are inconsistent with allegations of completely disabling conditions." (A.R. 22). The ALJ stated:
> For example, the claimant reported her grandchildren—a 10-month old and a two-year old—stay with her and her husband while her daughter goes to work. She reported that she plays with the children, holds the baby while she sits, sometimes feed[s] the baby, changes the baby's clothes on occasion, and plays with the children an average of two hours a day. She reported that she does the laundry, which consists of putting the clothes in the washer, taking the clothes out, and putting them in the dryer. She reported she goes grocery shopping with her husband.

(A.R. 22). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more

than merely resting in bed all day"). The Court does not find that the ALJ's first reason for discounting Plaintiff's symptom testimony is clear and convincing.

As further explanation for why the ALJ did not find Plaintiff's symptom testimony credible, the ALJ stated that

> the medical records, as a whole, did not support the full extent of allegations of disabling carpal tunnel syndrome, psoriatic arthritis and cervical spine degeneration. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence. Moreover, the objective medical evidence supports the above residual functional capacity assessment.

(A.R. 22). The Ninth Circuit has instructed that an "ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284. "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony regarding her impairments.

### E. The Case Will Be Remanded for Further Proceedings

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

Here, the vocational expert testified that Plaintiff would not be able to maintain employment if Plaintiff's impairments would cause Plaintiff to be off task approximately ten percent of the work day or require Plaintiff to lay down outside of normal breaks and lunches. (A.R. 75). Dr. Bellew concluded that Plaintiff's alleged pain would cause Plaintiff to be off task approximately ten percent of the work day. (A.R. 1085). Plaintiff testified that she spends three to four hours between 8:00 a.m. and 5:00 p.m. laying down or reclining. (A.R. 63). If Dr. Bellew's opinions and Plaintiff's testimony were credited-as-true, the ALJ would be required to find Plaintiff disabled. However, there is evidence

in the record that creates serious doubt that Plaintiff is in fact disabled. For example, during the April 14, 2014 evaluation with psychologist Susan Patrick, Psy.D., Plaintiff reported that "[s]he stopped working because her father got sick and needed a caregiver, so she became a certified caregiver." (A.R. 897). The record indicates that Plaintiff also became her mother's caregiver. A May 7, 2013 examination note states: "Caring for mom, really stressed." (A.R. 1012). During the April 2014 psychological evaluation, Plaintiff recounted her daily routine as follows:

> get up at about 7 and I will make coffee, then I will go try to fix my hair and makeup and I am out the door by 8 and go help my mom get up and go to the [ ] bathroom, and I give her her shots and medication and make her something for breakfast and lunch and take her to any doctor appointment she has to go to. And then I come home and make my husband and myself dinner. My mom had a massive stroke on her right so, she needs 24 hour care. She has a caregiver that comes at 4.

(A.R. 898). The report then states that Plaintiff "spends from 8 am to 4 pm with her mother caring for her, but is not getting paid." (*Id.*). According to the report, Plaintiff told the psychologist that "After dinner, I try to relax put a little laundry in, and then I'll rest in my bed, and I will watch TV or read. I go to bed at by [sic] about 10." (*Id.*). Finally, Plaintiff reported that she has no hobbies because "I am so busy with my mom I rarely get to see my sisters, my kids come over and hang out sometimes, that is something I enjoy." (*Id.*). The psychologist found Plaintiff to be a reliable historian and found no evidence of inconsistencies. (*Id.*). Plaintiff's daily routine as reported to the evaluating psychologist drastically conflicts with Plaintiff's hearing testimony that her alleged impairments have prevented her from performing any kind of fulltime work since 2013. (A.R. 67). The record contains other conflicting evidence. For instance,

1. At the hearing, Plaintiff first testified that she is not able to drive, explaining that she is "not supposed to be driving [while on her medications]." (A.R. 47). Later during the hearing, Plaintiff stated: "I don't take medication. They don't work. So, I don't bother to take it." (A.R. 55).

2. A May 7, 2013 medical examination found "[n]ormal range of motion, muscle strength, and stability in all extremities with no pain on inspection." (A.R. 1015).

3. During the April 18, 2014 examination with consulting physician Efren Cano, D.O., Plaintiff denied significant impact on activities of daily living. (A.R. 904).

The above factual conflicts and questions are significant and should be resolved through further administrative proceedings. *See Treichler*, 775 F.3d at 1105 (finding that crucial questions as to the extent of a claimant's impairment given inconsistencies between the claimant's testimony and the medical evidence in the record are "exactly the sort of issues that should be remanded to the agency for further proceedings"); *see also Greger v. Barnhart* 464 F.3d 968, 972 (9th Cir. 2006) (stating that so long as the ALJ "specifically identif[ies] what testimony is credible and what testimony undermines the claimant's complaints . . . questions of credibility and resolutions of conflicts in the testimony are functions solely of the [ALJ]") (citation omitted).

### III. CONCLUSION

Based on the foregoing, the Court finds that the decision of the Commissioner of Social Security is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The ALJ shall issue a new decision that is consistent with the applicable law as set forth in this Order. The ALJ, however, is not precluded from reopening the hearing to receive additional evidence if deemed appropriate. The Clerk of Court is directed to enter judgment accordingly.

Dated this 7th day of June, 2019.

_____
Eileen S. Willett
United States Magistrate Judge